CARPENTER v. O'DOUGHERTY *et al.*, appellants.

*Estoppel—mortgagor and assignee of mortgagee—Pleading—defect in parties.*

P. executed a bond and a mortgage upon his lands to J. Afterwards J. duly assigned the bond and mortgage to A. P. being indebted to plaintiff, in consideration of an extension of time of payment and a loan of money in addition, procured an assignment from A. to plaintiff of so much of the mortgage as was equal to the debt and loan. Payment of such debt and loan not being made when due, plaintiff was about to foreclose, when P. claimed that the bond given with the mortgage had not been assigned to plaintiff. An arrangement was made for another extension of time, in consideration of which P. procured an assignment from A. to plaintiff of such part of the bond and mortgage as was equal to the amount which the first assignment covered, and of a judgment against P. held by plaintiff. In an action by plaintiff to foreclose the mortgage, *held,* that P. was estopped from claiming that the mortgage was only given to secure a contingent liability which had ceased when the same was assigned to A., and from setting up any defect in the title of A.

A. was made a party defendant in the action. No reason was given for not making her a party plaintiff. *Held,* that the objection thereto could be taken only by demurrer.

APPEAL by a part of the defendants from a judgment in an equity action to foreclose a mortgage, rendered at the special term in Jefferson county. The facts appear in the opinion.*

*D. O'Brien,* for appellants.

*John C. McCartin,* for respondent.

---

*The following is the opinion delivered at special term, which is referred to in the opinion of TALCOTT, J.:

HARDIN, J. The defendant Patrick O'Dougherty made and executed, in July, 1861, his mortgage to secure $4,500 to, and delivered it to his father, John O'Dougherty. In December, 1861, an assignment of the mortgage was prepared by the mortgagor, Patrick, in which it is stated that, " in consideration of her kindness and attention to me," the mortgage, was assigned "as a gift to Anna M. O'Dougherty." This assignment described it as "the within mortgage and the bond accompanying it," and it is in the handwriting of the defendant Patrick, and executed by his father, John O'Dougherty. The assignment was on the day of its date, to wit: 25th December, 1861, acknowledged by the father before the son, as justice of the peace, and the certificate of the son as justice of the peace attached to the assignment, and both indorsed on the mortgage.

The mortgage was recorded in August, 1861, and the assignment from the mortgagee to the daughter-in-law, Anna, was recorded 30th April, 1862. On the 3rd day of December, 1867, the assignment was made by Anna to the plaintiff of the *mortgage alone* to secure $1,000, and acknowledged and put on record the same day.

It is here urged by the learned counsel of the defendant, that the assignment to the

. TALCOTT, J.   In 1861 the defendant Patrick O'Dougherty, being the owner of certain lands in Jefferson county described in the complaint, executed a mortgage upon the lands, accompanied by a bond, to his father, John O'Dougherty, purporting to secure the payment to said John of the sum of $4,500, with interest.   The mortgage was duly recorded in 1861.   In December, 1861, the said John O'Dougherty signed, sealed and acknowledged an instrument purporting to assign said bond and mortgage to the defendant Anna M. O'Dougherty, the wife of Patrick O'Dougherty.

· John O'Dougherty died in April, 1862, leaving the defendant his sole heir at law, and in 1865 the said Patrick O'Dougherty was duly

---

plaintiff was invalid and inoperative because it did not purport to and did not carry the bond, which is the principal obligation, and the mortgage was but the incident. If we assume that there was a bond made and executed, and delivered with the mortgage, then it follows that the defendant's counsel is correct, if it be conceded that there was no intention to assign the bond.   Also, such is the force of the case of *Merritt* v. *Bartholick*, 36 N. Y. 44.   But if there was no bond given and delivered with the mortgage, then the mortgage was the principal and only security, and the only evidence of indebtedness, and an assignment of it would give the assignee a good title to the mortgage, provided the assignment was made by one having legal title to the mortgage.

It is said here, in behalf of the defendants, that there was no delivery of the bond ; but it appears that the bond was made out at the time of the mortgage, and that the father told his son to keep the bond, that he did not care for it, and that he did not in fact take it from the possession of his son.

There is some reason to believe that the father made his son the agent to keep the custody of the bond, and that the retention of it by the son was as custodian of his father.   Certainly, when Patrick drew the assignment from his father to his wife, he understood it, and, therefore, inserted in the assignment a clause referring to and covering the bond.

The father died on the 26th of April, 1862, and the son Patrick, being the only heir at law, was appointed administrator (April, 1865) of his father's estate.   If the assignment by the father to the wife is ineffectual, then the mortgage (and bond, if ever delivered) were assets in the hands of Patrick as administrator.   Certainly he took title as administrator, if his wife did not take title to the mortgage through the assignment of the father-in-law.

The defendant, in 1870, entered into an arrangement with the plaintiff for an extension of the time for the payment of a debt he owed the plaintiff, and, to secure a judgment, and as a part of that arrangement agreed to get an assignment of the bond and mortgage from the wife.   He obtained such assignment and delivered it to the plaintiff, and received an extension of the time of payment of his debt, and he took up the judgment held by the plaintiff.   By the assignment of 1870, of the bond and mortgage, the wife concluded herself as to so much of any title she had in the mortgage (if any) as should be necessary to pay the plaintiff's debt against her husband.

If she had no title to the mortgage or bond, because never delivered to her by John, then, as before stated, the mortgage (and bond, if delivered) were assets in the hands of the administrator, and he could pledge the same as he expressly agreed to do, and did do, in the arrangement he made in 1870 with the plaintiff, and by delivering the assignment made by his wife, and the agreement that plaintiff should hold the same as security upon his lands for $1,300.   The effect of that transaction was to give the plaintiff a good lien upon the real estate as security for his debt of $1,300.

Parties may create a lien by delivery of title deeds, or by any other act evincing a

appointed administrator of the estate of his father, John O'Dougherty. In December, 1867, Patrick being indebted to the plaintiff, in consideration thereof and of a further advance, and of an agreement on the part of the plaintiff to give further time for payment, procured his wife, Anna, to assign $1,000 of the mortgage, that being the amount due the plaintiff, to be paid to the plaintiff with interest — $500 in one year and $500 in two years from the date of the assignment. In this assignment the bond was not mentioned, but the following language was used: "With all the same powers as vested in me by the assignment of the same to me." The money due to the plaintiff was not paid, and he commenced a foreclosure by

clear intention to do so, and the lien will be upheld as between the parties. Equity aids the creditor to carry his lien into effect, and holds the defendant to his agreement. *Rockwell* v. *Hobby*, 2 Sandf. Ch. 9; *Hammond* v. *Bush*, 8 Abb. 167; *Robinson* v. *Williams* 22 N. Y. 386; *James* v. *Morey*, 2 Cow. 247.

But the defendant's counsel insists that Patrick took title to the mortgage as heir at law, of his father and that as he had the legal title, the mortgage interest merged with the legal estate as he took title if at all as heir at law and through operation of law it may be said that, by his pledging the mortgage as a security for his debt, he evinced a clear intention that his interests as heir-at-law should not thus merge; certainly as long as he held title as administrator, the title to or interest in virtue of the mortgage should not merge. His acts as well as his position as to the mortgage, at the time of the making of the assignment in 1870 with the plaintiff, forbid his insisting on a merger. *Clift* v. *White*, 12 N. Y. 519.

He elected that the mortgage should be regarded, so far as should be necessary, to secure the plaintiff the $1,300 debt. That election equity requires him to stand to, and he must be held bound, by his agreements and acts, to have given the plaintiff a good and valid lien upon his lands to the extent required to secure the debt and interest named in the assignment of 1870, and assented to by him in the arrangement then made by him and consummated by delivering over the instrument executed by his wife.

In any view of the defendant's position, as shown by the evidence upon the trial, it is proper to hold him to have given the plaintiff a good lien upon the real estate described in the complaint. He created in favor of the plaintiff an equitable mortgage. *Rockwell* v. *Hobby*, 2 Sandf. Ch. 9; *Wright, Ex parte*, 19 Ves. 258.

But another principle as against Patrick upholds the title of the plaintiff to the mortgage and its validity as a lien upon the defendant's lands. Patrick stood by, nay, more, he aided his wife in effecting a transfer of the mortgage as security to the plaintiff and to obtain further time from the plaintiff for the payment of the plaintiff's debt, and he thereby estopped himself from impeaching the validity of the security, the plaintiff was thus induced to accept. *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *Foster* v. *Newland*, 21 Wend. 94; *Tilton* v. *Nelson*, 27 Barb. 595; *L'Amoreaux* v. *Vischer*, 2 N. Y. 278; *Edgerton* v. *Thomas*, 9 id. 40.

The defendant Patrick, in effect, assured the plaintiff in 1870, that the assignment he then delivered to the plaintiff, would authorize, in case of failure to pay, the collection of the $1,300 debt out of his real estate, and that assurance was believed by the plaintiff and forbearance given, as well as a relinquishment of a judgment, and now the defendant is estopped from defeating the lien he thereby created.

A judgment must be entered in favor of the plaintiff declaring that he has a lien upon the premises described in the complaint for the debt and interest, and that the plaintiff is entitled to costs to be taxed, and as the questions of law have been such that this case is an exception to ordinary foreclosure cases, the plaintiff may have a further allowance of two and one-half per cent upon the amount of the recovery. Code, § 309.

advertisement, whereupon Patrick set up a claim that the plaintiff got no interest for the reason that the bond was not assigned to him, and perhaps claimed that there were other objections to the mortgage. And then a new arrangement was made, on the 16th day of April, 1870, whereby it was agreed between the plaintiff and Patrick that a formal assignment of the bond and mortgage should be executed by Anna to the plaintiff, to secure the payment of the debt then due, with interest, in two years, and the additional sum of $155.63, being the amount of a judgment then held by the plaintiff and another against Patrick, which judgment was to be assigned to Anna. The arrangement was carried out by the execution and delivery of the assignment by Anna, and the assignment of the judgment to her. Patrick negotiated this arrangement and delivered the assignment to the plaintiff, and received the assignment of the judgment to Anna. And it is the last assignment under which the plaintiff claims in this action, which is to foreclose the mortgage for the collection of the debt due him. There are no other parties who interpose any claim. The defense which Patrick O'Dougherty sets up in his answer is, that the mortgage was made by him to John O'Dougherty, solely to indemnify the latter against liability for the indorsement of certain notes or obligations, and that he paid the said notes and obligations so that said John was never made liable thereon. And that there was nothing due on the mortgage, and it was not in force when assigned by John to Anna. It is manifest that Patrick cannot set up this defense. To permit it would be to allow him to perpetrate a gross fraud on the plaintiff. The counsel of Patrick furthermore claimed, on the argument, that Anna M. O'Dougherty never got any title to the bond and mortgage by reason that they were never delivered to her. It was not necessary that they should be actually delivered. They passed by the assignment, and the court has found that the latter was duly delivered under a state of testimony which warranted the court in holding, as a question of fact, that it was delivered to Patrick for and on behalf of Anna. Besides, Patrick is also estopped from setting up, as against the plaintiff, any defect in Anna's title. He caused the assignment to be recorded, and negotiated the transfer of it to the plaintiff for a valuable consideration, and for his (Patrick's) own benefit. And under the circumstances Patrick cannot allege any infirmity in the title of Anna.

DECEMBER TERM, 1873. 431

It only remains, in addition to the opinion delivered at the special term, to notice two points which were apparently made for the first time on the argument of the appeal. It is claimed by the counsel for the appellant that Anna M. O'Dougherty, being part owner of the bond and mortgage, should have been made a co-plaintiff, or that it should have appeared in the complaint that she had refused. Granting this to be so, the defect appeared on the face of the complaint, and the defendants have waived it by not demurring. The interests of Mrs. O'Dougherty are protected by the provision in the judgment, that any surplus over the plaintiff's debt is to be paid over to the county treasurer. With the disposition of that surplus the plaintiff has nothing to do. As between Patrick and Anna, it may be quite possible that he may attack the validity of the mortgage or her title to it. The appellants' counsel also objects that the bond could not be proved on the ground that it was not alleged in the complaint. The facts are that Patrick had always kept the bond in his possession, and the plaintiff was uncertain whether there was in fact a bond or not. It was produced on the trial by Patrick, and the allegations of the complaint were sufficient to enable the plaintiff to avail himself of the bond, if it appeared that one was in existence.

The judgment is right, and must be affirmed with cost of the appeal.

*Judgment affirmed.*